IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | NO. 3:14-CV-4124-M (BF) |
| JOSEPH TAYLOR III, JULIE M. ROBERTS, TONY E. MIMS, BERNARD McGHEE and LATOYA S. TAYLOR, | § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Defendant Bernard McGhee ("McGhee"), who is proceeding *pro se*, has failed to comply with court orders requiring him to (1) participate in a scheduling conference, (2) appear in person at a pretrial conference on May 19, 2015, and (3) respond to a show cause order before June 1, 2015. Because McGhee failed to participate, appear, or respond as required, his pleadings should be stricken.

**Background**

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. ("Sprint") brought this action against Defendants Joseph Taylor III, Julie M. Roberts, Tony E. Mims, Bernard McGhee, and LaToya S. Taylor (collectively, "Defendants") on November 14, 2014. Succinctly stated, Sprint alleges that Defendants and other unnamed co-conspirators fraudulently acquired mobile phone

1

devices manufactured by Sprint at discounted prices intended exclusively for users of Sprint's wireless network and diverted the devices to users, often located overseas, who are not Sprint customers. Pl. Compl. (Doc. 1) at 1-3, ¶¶ 1-4 & 10-14, ¶¶ 35-53. As part of the scheme, Defendants allegedly falsely represented themselves as Sprint employees in order to unlawfully access Sprint's protected computer systems and wireless network, traffic in Sprint's protected and confidential computer passwords, infringe Sprint's trademarks, and steal legitimate customer upgrades. *Id.* Sprint contends that Defendants' conduct constitutes a violation of state and federal trademark and federal computer fraud and abuse statutes, as well as common law tortious interference, civil conspiracy, unjust enrichment, unfair competition, fraud, fraudulent misrepresentation, contributory trademark infringement, and conversion. By this lawsuit, Sprint seeks compensatory and exemplary damages, attorneys' fees, and injunctive relief in the form of a permanent injunction prohibiting Defendants from engaging in the conduct described in the complaint.

Sprint served all Defendants, but only McGhee and LaToya S. Taylor ("Taylor"), who is represented by counsel, made an appearance. McGhee and Taylor filed separate answers.[1] *See* McGhee Ans. (Doc. 17) & Taylor Ans. (Doc. 22). Sprint requested and obtained an entry of default against Defendants Joseph Taylor III, Julie M. Roberts, and Tony E. Mims on February 17, 2015. *See* Clerk's Entry of Default (Doc. 20). Thereafter, the District Court ordered the parties to participate in a scheduling conference and submit a joint report with proposals for the contents of

---

[1] McGhee's answer reads, in its entirety:

> To Whom It May Concern, I Bernard McGhee is not guilty. I do not have any or prior knowledge of any unlawful act that was commented. I want the Courts/Judge to know, I did not have anything to do with what I am being accused of. If you have any questions please give me a call at (469) 647-2226.

Taylor Ans. at 1.

a scheduling order. Although counsel for Sprint and Taylor conferred as required, McGhee could not be reached for the scheduling conference. Sprint's counsel spoke with McGhee by telephone several days after the conference and secured his agreement to the proposed dates set forth in the joint report. However, Sprint's counsel could not reach McGhee later to confirm his authorization to file the joint report.

Upon the District Court's referral of this case for pretrial management, this court scheduled a pretrial conference for May 19, 2015 and ordered counsel for Sprint, Taylor, and McGhee to attend this conference in person. *See* Order dated 4/28/15 (Doc. 27). McGhee failed to appear at the May 19 conference and did not contact the court regarding his absence. Accordingly, the court ordered McGhee to show cause in writing on or before June 1, 2015 why he should not be sanctioned for failing to comply with the court's orders. The court warned McGhee that his failure to comply with the order to show cause could result in the imposition of sanctions, including a recommendation that the District Court strike his pleadings and enter a default judgment against him. Order dated 5/19/15 (Doc. 29) (*citing* FED. R. CIV. P. 16(f)(i) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order). Both the clerk and opposing counsel mailed a copy of the show cause order to McGhee at the address he provided in his answer. To this date, McGhee has not filed a response to the show cause order or otherwise had any communication with the court regarding his failure to comply with the court's orders.

**Analysis**

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order.

3

FED. R. CIV. P. 16(f).  Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(iii), (vi).  The entry of a default judgment is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).  The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *First Houston*, 979 F.2d at 382 (quoting *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988)).

   The record in this case documents a clear history of delay and contumacious conduct on the part of McGhee.  The District Court ordered McGhee to participate in a scheduling conference, but he failed to fully cooperate with counsel for Sprint and Taylor, who were forced to file their joint report without having received his confirmation.  This court ordered McGhee to appear at the May 19 status conference and to file a written response to a show cause order on or before June 1.  The court warned him that his failure to respond to the show cause order may result in the imposition of sanctions, including "an order striking pleadings and entering a default judgment."  Order dated 5/19/15.  However, McGhee failed to comply these orders as well.  He did not appear at the May 19 conference, and he never contacted the court about his absence.  He also failed to file a response to the show cause order.  Such contumacious conduct justifies the imposition of harsh sanctions. *See, e.g., Allstate Ins. Co. v. Plambeck*, No. 3:08-CV-0388-M-BD, 2010 WL 4514354, at *2 (N.D. Tex. Sep. 2, 2010), *rec. adopted*, 2010 WL 4514347 (N.D. Tex. Nov. 9, 2010) (striking pleadings and entering default judgment against defendant who failed to appear at two court hearings without justification or excuse); *DirecTV, Inc. v. Mendes*, No. 3:03-CV-1102-P, 2004 WL 733199, at *2

(N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (striking pleadings and entering default judgment against defendant who failed to attend a status conference and a show cause hearing); *Gonzales v. HT & T Architects, Inc.*, 3:98-CV-0190-BDH, 1998 WL 574381 at *2 (N.D. Tex. Aug. 31, 1998) (default judgment entered against defendant corporation for failure to obtain counsel or appear at conference).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. McGhee's refusal to comply with the court's orders to cooperate with opposing counsel and appear at a pretrial conference to address the most basic scheduling matters has already led to delay and threatens to derail discovery and the orderly conduct of this litigation. Nothing indicates that McGhee will remedy his refusal to comply with legitimate orders. Indeed, McGhee has wholly failed to comply with two orders specifically requiring a response to the court. Under these circumstances, the extreme sanction of striking pleadings is appropriate.

## RECOMMENDATION

Defendant McGhee failed to participate in a scheduling conference, appear at a status conference, and respond to a show cause order without justification or excuse. As a result, the District Court should impose sanctions under Fed. R. Civ. P. 16(f). The Court should strike McGhee's answer. Plaintiffs may move for an entry of default and a default judgment against McGhee, as appropriate.

SO RECOMMENDED, June 12, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).